## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CHRISTINE L. LUFFEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:25-cv-001758 |
| vs. | ) | |
| | ) | Honorable Patricia L. Dodge |
| CITY OF PITTSBURGH, | ) | |
| | ) | |
| Defendant. | ) | |

### STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER

This Stipulation of Confidentiality and Qualified Protective Order ("Stipulation and Order") is made by and between Plaintiff Christine L. Luffey ("Plaintiff") and Defendant City of Pittsburgh ("Defendant") (each a "Party," and collectively, the "Parties"), as follows:

1.      For the purpose of this Stipulated Confidentiality Agreement ("Agreement"), "Confidential Information" shall mean any document or other information produced by either Plaintiff or Defendant that is marked "Confidential" and is reasonably and in good faith considered to include sensitive personal information, trade secrets, or other confidential information that is in fact confidential.

2.      The Parties shall identify documents containing Confidential Information by marking each page of the document with the label "Confidential."

3.      Portions of depositions of a Party's present and former officers, directors, employees, agents, experts, and representatives may be designated "Confidential" at the deposition or within ten (10) business days after receipt of the transcript, provided the testimony so designated concerns Confidential Information and/or describes documents which have been designated as "Confidential."

1

4.      Either Party may object to the other Party's designation of documents or testimony as Confidential within fifteen (15) calendar days after receiving notice of such designation by notifying the other Party in writing of its objection. Upon receiving a written objection to the designation of a document as Confidential, counsel shall meet and confer in an effort to reach agreement on the propriety or scope of the designation in question. In the event that an agreement cannot be reached, the designating Party shall have fifteen (15) calendar days in which to move for a protective order covering the documents. In all such cases, the designating Party shall have the burden of demonstrating that the documents contain Confidential Information or are otherwise subject to protection under Federal Rule of Civil Procedure 26(c). Documents that are the subject of a dispute over whether they contain Confidential Information shall be treated as protected from disclosure by this Agreement until one of the following occurs: (a) the designating Party withdraws its designation in writing; (b) the designating Party fails to timely move the Court for an order designating the documents as Confidential; or (c) if such a motion is filed, the Court rules that the document does not contain Confidential Information and is not subject to this Agreement.

5.      No Confidential Information shall be used by any recipient for any purpose whatsoever other than for the preparation and trial of this action and any appellate proceedings relating thereto.

6.      Confidential Information shall not be disclosed by any recipient to any person other than:

    a.      The Parties and counsel of record in this case, including in-house and outside counsel involved in this case and their legal staffs;

    b.      Experts or consultants retained by counsel for the preparation or trial of this action;

    c.      Any actual or proposed deponent or witness, only if such information is necessary to prepare that witness to testify or to question the witness at deposition or trial;

2

d.      The Court and its staff;

e.      The jury at trial;

f.      Any third party who is engaged for the purpose of copying, organizing, converting, storing, or retrieving documents potentially subject to this Agreement (i.e., a copy service);

g.      Any videographers and court reporters; and

h.      Mock jurors and/or other retained consultants.

7.      Any person to whom Confidential Information is disclosed shall first be advised by counsel making the disclosure that the material is being disclosed pursuant to this Agreement and may be disclosed only to those persons authorized to have access pursuant to Paragraph 6 above, except as permitted by order of the Court or by written agreement of the Parties. With respect to persons referenced in ¶ 6(b), (c), and (h) only, counsel shall secure from each person a written agreement (in the form attached) stating that the person has read this Agreement and agrees to be bound by it. Counsel shall maintain in its possession any such written agreements and shall, upon request, provide them to opposing counsel at the conclusion of this litigation.

8.      Any inadvertent production or disclosure of documents or information that are subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any Party shall be governed by the Court's Order Implementing Federal Rule of Evidence 502(d), the contents of which are incorporated herein by reference.

9.      No person or entity bound by this Agreement shall disclose any Confidential Information or discuss its contents to or with anyone other than those individuals and entities listed in Paragraph 6 of this Agreement unless required to do so by law or compulsory legal process. If a Party believes that disclosure of the other Party's Confidential Information is required by law, that Party shall challenge the confidentiality designation pursuant to the procedures set forth in

Paragraph 4 of this Agreement. If a Party receives a subpoena or other compulsory legal process to which the other Party's Confidential Information is responsive, that Party shall notify the Party that owns the Confidential Information of the subpoena or other compulsory legal process sufficiently in advance of the date upon which the disclosure is required to be made so that the Party may seek Court intervention preventing the disclosure. Nothing in this Agreement shall be construed as requiring either Party or its counsel to violate any law regarding disclosure of information.

10.    With the exception of medical information, banking information, Social Security Numbers, the personal addresses of Parties and witnesses, and other Personally Identifiable Information ("PII"), this Agreement will not apply to the use of Confidential Information in any trial proceedings in open court or in any pretrial or trial filings made with the Court. Either Party may raise with the other Party and/or the Court concerns about disclosure of Confidential Information in the course of these proceedings and is free to propose measures to protect Confidential Information from unnecessary disclosure. The burden of demonstrating confidentiality and taking court-approved measures, if any, to protect confidentiality shall at all times be on the Party asserting confidentiality. The parties agree to a continuing duty to meet/confer in good faith so that a party who desires that specific Confidential Information be filed under seal has a reasonable opportunity to file a motion with the Court identifying the specific information and good cause for sealing it.

11.    Nothing herein shall be construed as a waiver of the right to object to the request for any information sought by way of discovery or to the admissibility of any testimony or evidence where such objections are based on grounds other than the fact that the testimony or evidence involves Confidential Information.

12.     Nothing contained herein shall affect the rights of either Plaintiff or Defendant with respect to her or its own documents or information.

13.     Upon conclusion of the case (including the exhaustion of all appeals) and upon written request by the opposing Party (within 30 days of the conclusion of the case), each Party shall return to the opposing Party all originals and all copies of any Confidential Information obtained during the case, or shall certify that they have been destroyed.

14.     For the sole purpose of ensuring the ability to defend against any potential malpractice claims and abiding by the terms of applicable malpractice coverage, the Parties' respective counsel shall be entitled to retain a set of all documents and correspondence in this matter, including, but not limited to, all documents filed with the Court; trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits; expert reports; attorney work product; consultant and expert work product; and any and all documents received, produced, or created in connection with this litigation, even if such materials contain Confidential Information, for a period of ten years from the conclusion of this litigation. The restrictions on the use and disclosure of Confidential Information as described herein shall continue to apply during this ten-year retention period. If, after the conclusion of this litigation but during the ten-year retention period, Plaintiff's counsel believes it is necessary to use or disclose Confidential Information in any subsequent malpractice litigation, Plaintiff's counsel shall promptly contact Defendant's counsel sufficiently in advance of the date upon which the use or disclosure is required to allow Defendant to take appropriate legal action to protect its Confidential Information.

15.     As discovery proceeds, either Party is free to propose additional, heightened measures that it believes to be appropriate (including after the Court rules on the Parties' threshold dispute regarding the scope and breadth of discovery), and the Parties agree to meet and confer

regarding any such request in an attempt to reach agreement. Absent agreement, the Party proposing additional measures may seek protection from the Court.

**STIPULATED AND AGREED** on this 26th day of February, 2026:

Respectfully submitted,

/s/ Charles A. Lamberton
Charles A. Lamberton (PA 78043)
cal@lambertonlaw.com
Lamberton Law Firm, LLC
2589 Washington Road, Suite 432
Pittsburgh, PA 15241
412-258-2250

*Counsel for Plaintiff,*
*Christine Luffey*

/s/ Jaime S. Tuite
Jaime S. Tuite (PA 87566)
jaime.tuite@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant St., Suite 200
Pittsburgh, PA 15219
Telephone: 412-562-8800
Fax: 412-562-1041

*Counsel for Defendant*

**SO ORDERED:**

_____, J.

**Date:** February 26, 2026

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CHRISTINE L. LUFFEY,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　) Case No. 2:25-cv-001758
vs.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　) Honorable Patricia L. Dodge
CITY OF PITTSBURGH,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)

**AGREEMENT TO BE BOUND BY
STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER**

I, _____, the undersigned, hereby acknowledge that I have received a copy of the Stipulated Confidentiality Agreement and Order (the "Order") entered in this action, and that I have read the Order and agree to be bound by all of the provisions in it. I recognize that during my participation in this case, I may have occasion to read or hear matters that are designated CONFIDENTIAL. I agree not to disclose any such matter to any person not entitled to receive disclosure of same under the provisions of the Order and to use any such matter solely in connection with my participation in this case. I also agree to return any materials protected by the Order to counsel for the Party that supplied me with such materials as soon as my participation in the case is concluded. I also agree to submit to the authority of this Court for enforcement of the Order.

Dated: _____, 202__.

_____

Print Name: _____

Print Address: _____

_____

7